[Civ. No. 16471. Fourth Dist., Div. One. Sept. 20, 1978.]

JOHN ALAN APPLEMAN, Plaintiff and Appellant, v.
NATIONAL-BEN FRANKLIN INSURANCE COMPANY
OF ILLINOIS, Defendant and Respondent.

**COUNSEL**

David M. Garland for Plaintiff and Appellant.

Arthur W. Jones for Defendant and Respondent.

**OPINION**

BROWN (Gerald), P. J.—John Alan Appleman appeals the summary judgment entered on the motion of National-Ben Franklin Insurance Company of Illinois (Company) which foreclosed his suit for hospitalization benefits.

Appleman underwent cancer surgery and incurred hospital expenses of $3,038.65. On receiving the bill for hospitalization, Company refused to pay saying those expenses were "not actually incurred" or Appleman was "not required to pay" because these charges were paid by Medicare.

The question here concerns how Medicare Part A payments are to be treated. The pertinent parts of the insurance contract with Company read:

"No indemnity shall be payable under this policy with respect to such medical expense incurred; . . . .

"(i) for which the Insured, or the eligible members of the Insured's family, is not required to pay."

Appleman says he relied on the brochure in buying Company's insurance and the brochure said:

"No proration because of other insurance.

"This is ideal basic or supplementary insurance to any existing Hospital Plan."

He points out that if these hospital costs had been paid by Blue Cross or a like insurer, Company would have paid the bill again. Appleman argues that payments from Medicare are no different.

Only a few cases have addressed the question of Medicare Plan A benefits. Appleman cites us to two: *Black* v. *American Bankers Insurance Company* (Texas) 478 S.W.2d 434; and *Niles* v. *American Bankers Insurance Company* (La.App.) 229 So.2d 435. Both of these cases deal only with whether a patient under Medicare "actually incurs expenses," and do not treat the requirement to pay feature. ■ The argument is that because the hospital must agree not to charge the patient for services paid by the federal government (42 U.S.C.A. § 1395cc) the patient actually incurs no expenses. However, in both cases the court rejected the argument saying the hospital was entitled to be paid, it did make charges, and it did receive payment. In like manner, here Appleman received services for which the government was legally obligated to pay. Expenses were actually incurred.

■ The next question is whether these expenses come under exclusion (i) set out above because the insured "is not required to pay." The

only case we are cited on this issue, *Steffen* v. *Pacific Mutual Life Insurance Company* (Mo. App.) 442 S.W.2d 142, held they do, Appleman says it does not apply to his situation because in *Steffen* a trust held the policy whereas here he contracted directly with Company. However, typically when a person enters the hospital he incurs expenses for which he personally is liable to pay. If a person has contracted with a private insurer the company assumes those costs which fall within the provisions of the policy. One can purchase a policy, such as the one with Company, which does not prorate payment of the costs even though the individual has other insurance coverage. Thus, it is possible for a person to collect more in insurance than the expenses incurred.

The situation is somewhat different with Plan A of Medicare. It is financed not by voluntary contracts between the individual and the federal government but by mandatory payroll and self-employment taxes which are then paid on behalf of those persons who meet the conditions for Social Security benefits. The payments made are "in furtherance of the social welfare objectives of the Federal government." (*Witherspoon* v. *St. Paul Fire & Marine Insurance Co.* 86 Wn.2d 641 [548 P.2d 302, 305].) Thus, it is the hospital, not the individual, who enters into a contract with the federal government to participate in the program. As part of its participation the hospital agrees not to charge the individual for services rendered and to return any money it incorrectly collects from individuals (42 U.S.C.A. § 1395cc). By so doing the government has relieved the individual of any financial liability for his hospitalization and he could not be compelled to pay for those services. Thus Appleman comes within the policy's exclusion, because he is not required to pay.[1]

The judgment is affirmed.

Cologne, J., and Welsh, J.,* concurred.

A petition for a rehearing was denied October 6, 1978.

---

[1] In his treatise on insurance law the eminent authority John Alan Appleman says: "It has been the rule that insurance contracts should be properly construed according to the normal tenor and meaning of the terms employed so as to carry out the intention of the parties, and if any question arises, it should be liberally construed in favor of the insured . . . this rule does not justify abandoning principles of normal interpretation where the contract is clear, or taking such a construction as would vary the true meaning of the contract and the intention of the parties." (13 Appelman, Insurance Law and Practice, § 7402.)

Here the contract is clear, the Company does not pay those expenses which the insured is not required to pay.

*Assigned by the Chairperson of the Judicial Council.