**Andrew J. HOLLE, Plaintiff,**

v.

**MOLINE PUBLIC HOSPITAL; the Neurology Clinic, S.C.; E.D. Lardner, M.D.; Donovan D. Stiegel, M.D.; and Felipe Enriquez, M.D.; and Margaret M. Heckler, Secretary of Health and Human Services, Defendants.**

**No. 84–4042.**

United States District Court,
C.D. Illinois,
Peoria Division.

Dec. 10, 1984.

John Malvik, Rock Island, Ill., for plaintiff.

Michael J. O'Leary, Asst. U.S. Atty., Peoria, Ill., Robert A. Latham, III, Moline, Ill., Jonathan R. Zell, Asst. Regional Atty., U.S. Dept. of Health & Human Services, Chicago, Ill., for defendants.

## ORDER

MIHM, District Judge.

On March 1, 1984, Plaintiff Andrew Holle filed in Illinois circuit court a "Petition for Adjudication of Rights of Lienholders and Adverse Parties" naming several Defendants, including the Secretary of the United States Department of Health and Human Services. On March 8, 1984, the federal Defendant removed the matter to this Court.

Plaintiff sought an order specifying the amounts of money that he had to pay to each of the Defendants for medical services they paid for or provided to the Plaintiff arising out of an automobile accident. On September 13, 1983, Plaintiff was involved in an automobile accident from which he sustained serious and permanent injuries. He was employed at the time of his accident and lost wages from the date of his accident until his return to work in December of 1983. He receives income from Social Security payments, payable as a result of his father's death, because he is a dependent adult of his parents. As a Social Security recipient, the Plaintiff was eligible for Medicare benefits at the time of his accident. Several doctors and the Moline Public Hospital received payment for medical services from Medicare. Pursuant to Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq., commonly known as the Medicare program, Blue Cross and Blue Shield of Illinois and E.D.S. Federal Corporation ("EDSF") paid a total of $19,-380.77 in Medicare benefits.

On February 13, 1984, a settlement was reached between the Plaintiff and John Deere Insurance Company on behalf of the driver of the automobile which hit the Plaintiff. The insurance company agreed to pay Plaintiff the sum of $50,000, the insurance policy limits for liability. Five providers of medical services to the Plaintiff served Plaintiff's attorney with notices of lien pursuant to Chapter 82 of the Illinois Revised Statutes for the amount of their services rendered which remained unpaid. The Secretary of Health and Human Services also claimed an interest in the proceeds of the personal injury settlement entered into between the Plaintiff and John Deere Insurance Company.

After oral argument, the Court, analogizing this case to *United States v. Lorenzetti*, —— U.S. ——, 104 S.Ct. 2284, 81 L.Ed.2d 134 (1984), denied the Plaintiff's motion for summary judgment insofar as it related to Defendant Margaret Heckler. The Court held that Defendant Heckler was entitled to distribution in the amount of $19,380.77, less her proportionate share of the costs involved in obtaining the settlement fund. Thus, Plaintiff was ordered to distribute to the United States the sum of $12,881.41. Defendants other than Margaret Heckler

and the Moline Public Hospital were defaulted for their non-appearance and failure to respond to this action.

Plaintiff now seeks an order from this Court specifying the amount of money that he must pay to Defendant Moline Public Hospital ("Hospital") for medical services it provided to the Plaintiff arising out of Plaintiff's accident. Plaintiff requests that this Court void the lien of the Hospital with regard to any proceeds of the liability insurance settlement between the Plaintiff and the John Deere Insurance Company and that the Moline Public Hospital be found to be indebted to Plaintiff in the sum of $2,000 minus deductibles plus the costs of these proceedings. Plaintiff seeks the sum of $2,000 on the basis that Plaintiff's private medical insurance carrier, American Republic Insurance Company, paid that sum to the Hospital for Medicare-covered services provided to the Plaintiff. This sum was paid after the Hospital had already been paid by Medicare.

Since the Hospital is a participating provider in the federal Medicare program, the Hospital billed Medicare for the services provided to Holle pursuant to the Hospital's provider agreement with Medicare. This agreement provides that Medicare will pay the hospital charges incurred by a Medicare beneficiary for Medicare-covered expenses, except for deductible and co-insurance amounts which must be paid by the beneficiary. Medicare paid the Hospital in full for Medicare-covered expenses. Medicare's reimbursement was, pursuant to statute and regulation, determined on a per diem basis based on the number of days over a period of time that all Medicare eligible patients were rendered covered services of any kind by the Hospital. Medicare reimbursed the Hospital a sum based on that calculation, irrespective of the actual services rendered.

Pursuant to the Illinois Hospital Lien Act, Ill.Rev.Stat., ch. 82, § 97 et seq. (1983), the Hospital filed a lien against the proceeds of Holle's settlement claiming that it is entitled to payment by Holle for the entire amount of the charges. The

Hospital objects to writing off a substantial sum generated by the Plaintiff for hospitalization when state law provides a remedy which, the Hospital believes, is consistent with Medicare. The total amount unpaid to date is $20,121.17. Additionally, if the Hospital must convey to the Plaintiff the $2,000 that it received from the Plaintiff's health insurance carrier, it faces a deficit of $22,121.17 on the Plaintiff's account.

The lien asserted by the Hospital is for $16,666.67, one-third of Plaintiff's personal injury recovery of $50,000. This amount, Defendant submits, can be satisfied out of the Plaintiff's recovery to which the lien attaches, as can the Plaintiff's attorney's fees and Medicare's reimbursement. Alternatively, the Hospital argues that it is entitled to receive from the personal injury recovery the sum of $401.30, an amount representing the deductibles and co-insurance for which Plaintiff is liable, pursuant to 42 U.S.C. § 1395cc(a)(2)(A).

The Hospital contends that its recovery of excess charges under its lien is not inconsistent with the Medicare Act and that that Act does not preempt the Illinois Hospital Lien Act. The Secretary of Health and Human Services, in an amicus brief, argues that the Hospital may only collect from the Plaintiff the deductible and co-insurance amounts relating to covered services it provided to him and may not collect for any other charges for covered services.

A hospital that participates in the Medicare program is termed a "participating provider". See 42 U.S.C. § 1395x(u), 42 C.F.R. § 489.2(b) (1982). To be a participating provider, the hospital must enter into an agreement with Medicare. See 42 U.S.C. § 1395cc, 42 C.F.R. § 489. The first requirement of the agreement is that the provider promise "not to charge ... any individual or any other person for items or services for which such individual is entitled to have payment made under this subchapter ...." 42 U.S.C. § 1395cc(a)(1)(A). It is the Secretary's position that this means that, for the items or services that Medicare has agreed to furnish to a Medicare eligible beneficiary, the provider must

charge Medicare and not the beneficiary. See § 3313 of the Medicare Intermediary Manual. The only exception is that the provider may charge the beneficiary for any deductible or co-insurance amounts.

Plaintiff places his reliance on several cases interpreting 42 U.S.C. § 1395cc: *Niles v. American Banker's Insurance Co.*, 229 So.2d 435 (La.App.1969), *Appleman v. National Ben Franklin Life Insurance Co. of Illinois*, 84 Cal.App.3d 1012, 1014, 149 Cal.Rptr. 117 (Cal.Ct.App. 1978), and *Holmes v. California State Automobile Association*, 135 Cal.App.3d 635, 185 Cal.Rptr. 521 (Cal.Ct.App.1982). These cases provide only indirect support for the Plaintiff's position since they are concerned with the obligation of a private insurer to pay to the insured the expenses incurred by the insured where those expenses have been paid, at least in part, by Medicare. *Holmes* states, however, that:

"when a legal obligation to pay was created upon the rendition of services, the Medicare agreement became applicable and the hospital was bound by its commitment 'not to charge,' i.e., not to enforce against the patient liability for the costs incurred by the patient." 185 Cal. Rptr. at 524.

The Defendant Hospital relies heavily on *Gordon v. Forsythe County Hospital Authority, Inc.*, 409 F.Supp. 708 (D.N.C.1976), aff'd and rev'd on other grounds, 544 F.2d 748 (4th Cir.1976). In *Gordon*, at issue was the Hospital Survey and Construction Act, Pub.L. No. 79–725, 60 Stat. 1040 (1946), presently codified as Title VI of the Public Health Service Act, 42 U.S.C. § 291, commonly known as the Hill-Burton Act. Under the Hill-Burton Act, states wishing to obtain federal financial assistance for the construction and modernization of public or non-profit community hospitals were required to submit to the Surgeon General for his approval a state plan for carrying out the Congressional purpose. 42 U.S.C. § 291d. The Act also required the state plan to make provision for adequate health facilities for all persons residing in the state and to furnish necessary services to persons unable to pay. 42 U.S.C. §§ 291c, 291e, *American Hospital Assoc. v. Schweiker*, 721 F.2d 170, 173 (7th Cir.1983).

One of the class action plaintiffs in *Gordon* sought to have declared invalid a lien filed pursuant to North Carolina statute by a treating hospital. After the time that she was determined to be a "Hill-Burton eligible payment" and after she was provided with "substantial free medical care," the plaintiff had initiated a state court action against various alleged tortfeasors who caused her injuries. 409 F.Supp. at 718. The prayer for relief in the state suit included an amount for medical services rendered. After the suit was filed, the defendant hospital cancelled its previous write-off of the plaintiff's bill, deducted the corresponding credit it had made to the Hill-Burton account, and filed a lien against recovery obtained by the plaintiff in the amount of medical services rendered to her. Plaintiff argued that the lien should not be permitted to stand because HEW regulations and the procedure adopted by the hospital to comply with Hill-Burton regulations prohibited collection efforts made toward patients who have been determined to be eligible for free medical care.

In holding that the lien was valid, the *Gordon* court found no inconsistency between the Hill-Burton Act and hospital procedure and the North Carolina Hospital Lien statute. The *Gordon* court stated that:

"It would be unconscionable to permit the taxpayers to bear the expense of providing free medical care to a person and then allow that person to recover damages from a tortfeasor and pocket the windfall." 409 F.Supp. at 719.

The court recognized that North Carolina's lien statute was enacted to prevent this result and added that:

"Such lien attaches to the recovery, if any, and is not a general lien against the assets of the alleged debtor." 409 F.Supp. at 719.

While the facts in *Gordon* are somewhat similar to those in the case at bar, the statutory differences between the Hill-Bur-

ton Act and Medicare legislation make the holding of the *Gordon* case inapplicable here. Under the Hill-Burton Act, payments on behalf of recipients are not made. In *Gordon*, for example, no payment of funds was ever made on behalf of the recipient; the hospital merely wrote off the plaintiff's bill. After the plaintiff filed her state court action and included a demand for compensation for medical services rendered, the hospital cancelled that write off. There was never any reimbursement of the government for services provided under the Hill-Burton Act. No one had actually paid for the services rendered to the patient.

Here, the Hospital received payment from Medicare for the medical services rendered to the Plaintiff. The Secretary of Health and Human Services will be reimbursed by the Plaintiff for medical services it paid on behalf of the Plaintiff, minus a proportionate share of the costs involved in obtaining the settlement fund.

Under its agreement with Medicare, the Hospital may not file a lien for amounts that represent charges for covered services for which Medicare has been billed by the provider, except for deductible or co-insurance amounts. Payment of the provider's charges by Medicare extinguishes the beneficiary's debt to the provider. Since the Hospital has been paid by Medicare, it has no claim against Holle except for the deductible or co-insurance amounts. Further, although the Hospital intends to repay the money received from Medicare if the Hospital is successful in pursuing its present claim, the Hospital is presently in possession of the money received from Medicare and by its action seeking payment from Holle of the charges in question, the Hospital is engaging in impermissible double billing.

In reaching this result, the Court is not unmindful of the equities favoring the Hospital's position. While Medicare regulations permit the government to be fully reimbursed by the Plaintiff, the Hospital is required to bear a substantial portion of the Plaintiff's actual hospital bills. De-fendant argues that that unpaid portion will ultimately be borne by the taxpayers. The Hospital, however, bound itself by agreement with Medicare not to charge any other person for items or services for which that person is entitled to have payment made by Medicare. Pursuant to the Medicare program, the Hospital has received payment for "reasonable costs and customary charges." If allowed to enforce its lien, the Hospital would violate 42 U.S.C. § 1395cc(a)(1)(A) and the duties it assumed by contract and would flaunt Medicare regulation and public policy aimed at protecting beneficiaries of the Medicare program. Accordingly, the lien of the Moline Public Hospital with respect to the proceeds of the liability insurance settlement between the Plaintiff and John Deere Insurance Company is void. Beyond any deductible still owed, Plaintiff has no obligation to the Hospital.

Plaintiff requests that the $2,000 paid by the American Republic Insurance Company to the Hospital be applied to the deductibles owed by Holle with the remaining amount due to the Plaintiff. The record, however, is insufficient to determine whether Plaintiff is entitled to have the amount representing the deductibles paid out of the $2,000. The parties are directed to tender to the Court their position on that issue.

Based on the foregoing, IT IS HEREBY ORDERED:

1. The lien of Moline Public Hospital with regard to any proceeds of the liability insurance settlement between Andrew Holle and John Deere Insurance Company is void.

2. Andrew Holle is not indebted to the Hospital for any further payments for Medicare covered services.

3. The parties are directed to tender to the Court within ten (10) days their position on payment of the amount representing the deductibles out of the $2,000 insurance payment by American Republic Insurance.