*In re* ESTATE OF KATHRYN LOUISE PHILLIPS, a Minor (The Sisters of the Third Order of St. Francis, d/b/a Saint Anthony Medical Center, Petitioner-Appellant, v. Kathryn Louise Phillips, Respondent-Appellee).

Second District   No. 2—87—0237

Opinion filed December 9, 1987.

Thomas D. Luchetti, of Rockford, for appellant.

No brief filed for appellee.

JUSTICE HOPF delivered the opinion of the court:

Petitioner, the Sisters of the Third Order of St. Francis, appeals from the trial court's order denying its petition to enforce a hospital lien against Kathryn Louise Phillips, respondent. This cause involved

the enforceability of a hospital lien against the settlement proceeds of Phillips, an injured minor. On appeal, petitioner disputes the trial court's determination that its lien notice was not timely filed since it was filed after the physical distribution of the proceeds.

On May 3, 1986, Phillips sustained injuries as a result of being struck by a riding lawn mower. Phillips received treatment for her injuries from petitioner, a not-for-profit hospital. Phillips' father, who was appointed guardian of her estate, petitioned the court to settle the cause of action by approving the settlement offer of $25,000 and applying the proceeds to the outstanding medical bills and attorney fees. On October 14, 1986, the court approved the proposed settlement of $25,000 and set for hearing the matter of distributing the proceeds.

According to the court's order of October 22, 1986, the medical creditors received none of the proceeds. The court instead awarded attorney fees of $6,250, costs of $188.75, a guardian *ad litem* fee of $225, parents' expenses of $600, and $17,736.25 to Phillips' estate.

Petitioner filed a post-trial motion on November 12, 1986, asserting that it continued to have a lien on the proceeds of the settlement, which the court failed to recognize. The motion requested the court to modify the order and pay petitioner $2,635.21, the amount of services rendered, from the proceeds of the settlement. The court granted the petitioner's motion, vacated its order only with respect to the petitioner, and set for hearing petitioner's request for reimbursement.

Petitioner mailed its lien notice to the respondent on November 21, 1986. Thereafter, on December 8, 1986, petitioner filed its petition to enforce the hospital lien. After a full hearing on December 23, 1986, the court determined that petitioner's lien had not attached to the settlement proceeds because distribution had already occurred. From this order, petitioner appeals.

Initially, we note that respondent has not provided the court with a brief on appeal. Nevertheless, we will address the issues set out by the petitioner in accordance with *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

Petitioner contends on appeal that the trial court erred in not enforcing its lien against Phillips' estate. The lien notice was timely, according to petitioner, because it was sent after the court vacated its order refusing to disburse the funds to the petitioner. Petitioner maintains that vacation of part of the previous order negated the disbursement of the proceeds of the estate. We disagree and affirm the decision of the trial court.

Petitioner's lien is governed by "An Act providing for a lien for nonprofit hospitals, and hospitals maintained and operated entirely by a county rendering treatment and maintenance to injured persons" (Act) (Ill. Rev. Stat. 1985, ch. 82, par. 97 *et seq.*). Section 1 of the Act provides:

> "Every hospital organized for nonprofit, or hospital maintained and operated entirely by a county, rendering service in the treatment, care and maintenance, of such injured person shall have a lien upon all such claims and causes of action for the amount of its reasonable charges at ward rates in such hospital organized for nonprofit, or hospital maintained and operated entirely by a county *up to the date of payment of such damages.*
>
> Provided, however, that the total amount of all liens hereunder shall not exceed one-third of the sum paid or due to said injured person on said claim or right of action, and provided further, that said lien shall in addition include a notice in writing containing the name and address of the injured person, the date of the injury, the name and address of the hospital organized for nonprofit, or hospital maintained and operated entirely by a county, and the name of the party alleged to be liable to make compensation to such injured person for the injuries received, shall be served on both the injured person and the party against whom such claim or right of action exists.
>
> Service shall be made by registered mail or in person." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 82, par. 97.)

Section 2 of the Act provides in pertinent part:

> "The lien of such nonprofit hospital, or hospital maintained and operated entirely by a county, shall, from and after the time of service of the above stated notice, attach to any verdict or judgment secured in any action by the injured party based on the negligent or wrongful act, and to any money or property which may be recovered by compromise settlement, or in any action brought by such injured person on account of such claim or right of action." Ill. Rev. Stat. 1985, ch. 82, par. 98.

■■ According to the Act, therefore, the hospital lien does not attach until notice of the lien is served. In this case, notice was not served until the court ordered a partial vacation of the disbursement order. While no time limit is set forth in the statute for perfecting the lien, the only requirement is that the notice be served before the proceeds have been distributed. (See *Illini Hospital v. Bates* (1985), 135

Ill. App. 3d 732, 735, 482 N.E.2d 235, 237.) Strict compliance with the Act regarding notice is not necessary in certain circumstances, and all that is required is actual notice of such lien prior to settlement and preservation of the fund for adjudication of the lien. (*In re Estate of Cooper* (1987), 156 Ill. App. 3d 270, 272, 509 N.E.2d 582, 583.) Both the language in *Bates* and in *Cooper* demonstrates that the Act requires a lien to be perfected prior to the court's distribution of the proceeds.

In the case at bar, the trial court distributed the proceeds of the estate on October 22, 1986. Petitioner mailed its lien notice on November 21, 1986, after the court had awarded the attorneys their fees and costs totaling $6,663.75 and the parents $600, leaving approximately $17,000 in the estate. In our opinion, contrary to the petitioner's assertions otherwise, vacating part of the order did not render petitioner's lien notice timely. When the court granted petitioner's post-trial motion and vacated the order of disbursement in regard to the petitioner, it still had made a partial distribution of the funds, and, therefore, the estate was not in the same position it occupied prior to the order. Prior to the court's order, the estate possessed $25,000, and after granting the petitioner's motion, it only had $17,000 remaining for disbursement.

We find it relevant that the record and testimony show that the petitioner had notice of the October 22 hearing. That notice advised petitioner that on that date the court would be conducting a hearing to determine what, if any, proceeds from the settlement of the minor's cause of action should be distributed to medical creditors. Petitioner did not appear at that hearing or send any notice of lien to respondent prior to the hearing.

Even though the court preserved some of the fund, we hold that no lien attached to the proceeds since petitioner did have notice of the disbursement of the proceeds prior to the actual distribution, yet delayed until after that distribution to serve its notice. Based on these facts, as well as on the requirements of the Act, we conclude that petitioner's notice was untimely.

Accordingly, the order of the circuit court of Winnebago County is affirmed.

Affirmed.

DUNN and WOODWARD, JJ., concur.