JOVAN MEMEDOVIC, Plaintiff-Appellant, v. CHICAGO TRANSIT AUTHORITY, Defendant (Cook County Hospital, Lienholder-Appellee).

First District (5th Division)    No. 1—90—0776

Opinion filed May 31, 1991.

Grace E. Wein, of Malek & Wein, P.C., of Chicago, for appellant.

John O'Malley, State's Attorney, of Chicago (Joan S. Cherry, Donald M. Devlin, and Dennis M. McGuire, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Cook County Hospital (the hospital) asserted a lien against certain proceeds awarded to plaintiff, Jovan Memedovic, in a personal injury action. The circuit court of Cook County entered judgment in favor of the hospital for the full amount of the lien ($24,840). Plaintiff appeals.

Plaintiff was injured in a motor vehicle accident with a bus owned and operated by the Chicago Transit Authority on February

17, 1983. Plaintiff received medical treatment at the hospital and incurred a bill for hospital services in the amount of $24,840. Plaintiff then filed a personal injury action against the Chicago Transit Authority. Following a jury trial in the circuit court, plaintiff was awarded $78,750, an amount which was reduced from a finding of $225,000 in damages based upon a jury finding that plaintiff's comparative negligence was 65%. Prior to distribution of the proceeds, the hospital filed a lien on December 6, 1989, to recover the amount of its services. The trial court entered an order enforcing the lien in the amount of $24,840 to be paid immediately.

Plaintiff raises these issues on appeal: (1) the hospital's lien is unenforceable because the claim was filed more than five years after the services had been rendered and (2) the hospital lien should be reduced by the amount of plaintiff's comparative negligence in the underlying cause of action.

We affirm.

■■ Under the Hospital Lien Act (Ill. Rev. Stat. 1987, ch. 82, par. 97 *et seq.*) the plaintiff is a debtor obligated to pay for the services rendered by the hospital out of any resources which might become available to him. (*In re Estate of Wade* (1987), 156 Ill. App. 3d 844, 510 N.E.2d 99; *Maynard v. Parker* (1979), 75 Ill. 2d 73, 387 N.E.2d 298.) Plaintiff received a monetary award following a jury verdict in a personal injury action. That jury award included damages for plaintiff's medical bills.

Disallowance of the hospital's lien would result in a double recovery or an unjust enrichment to plaintiff. It would be unconscionable to permit plaintiff to receive free medical care and then allow him to recover damages for medical services from the tortfeasor and pocket the windfall. (*Gordon v. Forsyth County Hospital Authority, Inc.* (M.D.N.C. 1975), 409 F. Supp. 708, *modified* (4th Cir. 1976), 544 F.2d 748; *In re Estate of Wade* (1987), 156 Ill. App. 3d 844, 510 N.E.2d 99.) Under the facts of this case, plaintiff should be required to pay the hospital for services rendered out of the proceeds of the jury verdict. Now that the plaintiff is solvent, the hospital has a right to assert its lien.

■■ ■ Under the Hospital Lien Act, when a hospital attaches a lien upon an accident victim's recovery, it fashions for itself a type of property interest in any assets constituting the recovery, because a lien is a property interest. The lien is a legal claim upon the property recovered as security for payment of the debt. Only when a recovery is made can the lien come into existence, because absent a provision to the contrary, a lien is created only when there is prop-

erty on hand to which it may attach. (*In re Estate of Cooper* (1988), 125 Ill. 2d 363, 532 N.E.2d 236.) Under the Hospital Lien Act, the lien is created only when the injured person has a "sum paid or due" him. (Ill. Rev. Stat. 1987, ch. 82, par. 97; *In re Estate of Cooper* (1988), 125 Ill. 2d 363, 532 N.E.2d 236.) Therefore, the hospital lien was created when the jury awarded monetary damages to plaintiff. Accordingly, we reject plaintiff's argument regarding the five-year statute of limitations period.

■ According to the Hospital Lien Act, a hospital lien does not attach until notice of the lien is served. In this case, notice was served prior to the disbursement of the proceeds. While no time limit is set forth in the statute for perfecting the lien, the only requirement is that the notice be served before the proceeds have been distributed. (*In re Estate of Phillips* (1987), 163 Ill. App. 3d 935, 517 N.E.2d 30; *Illini Hospital v. Bates* (1985), 135 Ill. App. 3d 732, 482 N.E.2d 235.) The lien was filed by the hospital before the proceeds were distributed; therefore, the trial court was entitled to consider enforcement of the lien.

■ Once the hospital lien is established under the Hospital Lien Act, the trial court has no discretion to reduce the amount of the lien so long as the total amount of liens filed is not in excess of one-third of the award. (*In re Estate of Wade* (1987), 156 Ill. App. 3d 844, 510 N.E.2d 99.) The lien was not in excess of one-third of the award; therefore, the trial court was not authorized to disallow or reduce the amount of the hospital's lien.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

GORDON and McNULTY, JJ., concur.