713 N.E.2d 775 (1999)
305 Ill. App.3d 773
239 Ill.Dec. 244
N.C., a Minor, By and Through His Mother and Next Friend, L.C., Plaintiff-Appellee,
v.
A.W., a Minor, By and Through His Father and Next Friend, R.W., Defendant (Northern Illinois Medical Center, Appellant).
No. 2-98-1091.
Appellate Court of Illinois, Second District.
June 25, 1999.
Norman D. Vinton, David M. Bagdade, Weisz & Michling, Woodstock, for Northern Illinois Medical Center.
John J. Pappas, Sr., Stephen J. Healy, Debra K. Marcus, Pappas, Power & Marcus, Chicago, Valeree D. Marek, Garry & Marek, Crystal Lake, for N.C.
Justice INGLIS delivered the opinion of the court:
Northern Illinois Medical Center (NIMC) appeals the judgment of the circuit court of McHenry County finding that NIMC could not enforce its lien on the proceeds of a settlement between plaintiff, N.C., and defendant, A.W. We affirm.
On March 14, 1997, plaintiff sustained severe and permanent injuries in an automobile accident. Plaintiff was transported to NIMC for treatment. Thereafter, plaintiff filed a personal injury action against defendant.
Plaintiff's hospital bill totaled $22,551. Plaintiff's insurer, Great West Life & Annuity Insurance Co. (Great West), paid NIMC $4,200 in full payment of plaintiff's medical bills pursuant to NIMC's contract with One Health Plan of Illinois, Inc. (One Health). *776 Plaintiff is insured under Great West's PPO plan, which is affiliated with One Health. While the suit was pending, NIMC filed a lien against the proceeds of the pending personal injury suit.
Thereafter, plaintiff filed a petition to adjudicate NIMC's lien. Plaintiff sought an order holding that NIMC's lien was null and void and that he did not owe any money to NIMC as Great West had paid NIMC in full for the medical services to plaintiff. As a result of the per diem rate applied limiting the amount NIMC can recover under the contract between One Health and NIMC, plaintiff asserted that he was not liable for the amount not covered.
As part of the contract with One Health, NIMC participated in a network of providers developed by One Health to provide services to its members. Pursuant to the contract, NIMC obtained bulk business from One Health while members were encouraged to use NIMC's facility in return for a reduction in rates. One Health, in turn, passed these savings to Great West pursuant to a separate contract.
The contract provides that a member, such as plaintiff, is not liable for the amount not covered when NIMC has been paid in full. The contract further provides that NIMC can bill a member only for deductibles, coinsurance, copayments, and charges for nonapproved or noncovered services. NIMC acknowledged receipt of payment in full from Great West.
After plaintiff filed the petition, defendant's liability carrier offered, and plaintiff accepted, the policy's limit of $100,000 as full and final payment of plaintiff's claim against defendant. Subsequently, plaintiff filed a petition to approve the settlement and to distribute the proceeds pursuant to the trial court's determination of the validity of NIMC's lien. Following the hearing on the determination of the lien, the trial court ordered NIMC's lien to be extinguished, finding that the contract between NIMC and One Health precluded NIMC from collecting under its lien. NIMC timely appeals.
On appeal, NIMC first contends that it had an absolute right to submit and perfect its hospital lien in accordance with the Hospital Lien Act (Act) (770 ILCS 35/1 et seq. (West 1996)). NIMC asserts that the Act entitled it to enforce its lien. We fail to see the merits of NIMC's argument.
NIMC correctly states that a lien attaches only to a verdict, judgment, award, settlement, or compromise secured by or on behalf of the injured person and that only when recovery is made can a hospital lien come into existence. Memedovic v. Chicago Transit Authority, 214 Ill.App.3d 957, 158 Ill.Dec. 613, 574 N.E.2d 726 (1991). However, a lien is a legal claim upon the property of another for payment or in satisfaction of a debt. Thus, regardless of whether there is a recovery, if there is no debt in the first instance, there is no need for a lien.
Here, it is clear that the contract between NIMC and One Health extinguished all debts once plaintiff's insurer paid NIMC at the agreed rate. Therefore, when the debt was extinguished pursuant to the contract, NIMC no longer had any putative lien rights.
NIMC next attempts to go after defendant's property by arguing that the contract gives it the right to enforce the lien against defendant, whom NIMC blames as the responsible party. This argument defies logic for several reasons. First, plaintiff incurred the debt, not defendant. Second, the debt has been paid. Third, even if there were a debt, the lien would be on plaintiff's assets, not defendant's. Finally, merely because plaintiff received a settlement from defendant's liability insurer does not mean NIMC is entitled to recoup more medical expenses than allowed under the valid, binding contract. Quite simply, by asserting that it is owed more than it contracted for, NIMC is impermissibly engaging in double billing.
In Holle v. Moline Public Hospital, 598 F.Supp. 1017 (C.D.Ill.1984), a case strikingly similar to the present case, the plaintiff sustained injuries in an automobile accident. Moline Public Hospital, where the plaintiff was treated, received payment for its services from Medicare. The hospital's agreement with Medicare provided that Medicare would reimburse the hospital on a per diem *777 basis regardless of the actual charges. The hospital filed a lien against the proceeds of the plaintiff's tort settlement, claiming it was entitled to payment by plaintiff for the entire amount of the bill. The court held that the hospital's lien was void because the payment from Medicare under the agreement extinguished the plaintiff's debt to the hospital. Holle, 598 F.Supp. at 1021. The court further held that if the hospital were allowed to enforce its lien, it would violate contractual duties. Holle, 598 F.Supp. at 1021.
As in Holle, NIMC entered into an agreement in which it was to accept a discounted rate for services to members of One Health regardless of the actual charges. The contract required NIMC to accept the agreed upon contractual rate of $4,200, which Great West, as a member of One Health, submitted to NIMC. This payment in full pursuant to contract extinguished plaintiff's debt to NIMC.
NIMC next argues that plaintiff has been unjustly enriched. NIMC relies on Gordon v. Forsyth County Hospital Authority, Inc., 409 F.Supp. 708 (M.D.N.C.1975). Gordon is clearly distinguishable and offers NIMC no support. In that case, the injured plaintiff was treated at Forsyth. The plaintiff was unemployed and had no insurance. The hospital charged the services to the hospital's Hill-Burton account since plaintiff was determined to be eligible for free care. The plaintiff filed suit against the tortfeasor and the hospital filed a lien. Recognizing that the plaintiff received free medical services and then recovered her damages, including medical expenses, the court felt that it would be unconscionable to permit the taxpayers to bear the expense of providing free medical care and then allow that person to recover damages for medical services from the tortfeasor and pocket the windfall. Gordon, 409 F.Supp. at 719.
Unlike Gordon, where the hospital received nothing for its medical services, NIMC received payment for the medical services rendered to plaintiff. Cf. Memedovic, 214 Ill.App.3d 957, 158 Ill.Dec. 613, 574 N.E.2d 726 (plaintiff received free medical services); In re Estate of Wade, 156 Ill. App.3d 844, 109 Ill.Dec. 478, 510 N.E.2d 99 (1987) (hospital received no payment for private duty nursing care).
Finally, merely because NIMC received only 18.6 cents on the dollar as payment does not make it inequitable. NIMC is not being saddled by bad debt; NIMC benefits from an increase of patients in exchange for a reduced rate. Most importantly, NIMC itself bargained for and assented to the reduced rate. It is a little late for NIMC to experience buyer's remorse over its own voluntary contract. Accordingly, the trial court correctly held NIMC's lien to be void.
For the foregoing reasons, we hereby affirm the judgment of the circuit court of McHenry County.
Affirmed.
BOWMAN, P.J., and HUTCHINSON, J., concur.