A05A0895. CONSTANTINE et al. v. MCG HEALTH, INC.
(619 SE2d 718)

MILLER, Judge.

Nicole Constantine was injured when the car in which she was a passenger left the road and hit a tree. After she received treatment for her injuries, her parents sued the driver of the car on her behalf. Although the treating hospital, MCG Health, Inc. (MCG), had received payment from the Constantines' insurer in the amount due under its service agreement with that insurer, MCG filed a lien for the full amount of Nicole's bill. The plaintiffs moved to strike the hospital lien, but the trial court denied the motion. We find that the trial court erred when it allowed the hospital to maintain its lien, and therefore reverse.

The trial court's order denying the Constantines' motion to strike the lien was in effect an order granting summary judgment to MCG. See *Jones v. Wellon*, 237 Ga. App. 62 (514 SE2d 880) (1999) (treating appeal from action to clear lien as one from grant of summary

---

[14] Id.

judgment). Thus we review the evidence de novo, viewing it in the light most favorable to the Constantines, to determine whether the trial court erred in concluding that no genuine issue of fact remains and that MCG is entitled to pursue its lien as a matter of law. Id.

So viewed, the evidence shows that MCG entered into an agreement with Aetna U. S. Healthcare (Aetna) to provide hospital services to the latter's HMO members "at reasonable costs consistent with high standards of medical care." The agreement included schedules of services to be provided and fees to be charged, and specified that "[n]o additional charge will be made by [MCG] to [Aetna] or its Members for Hospital Services covered under this Agreement." The agreement also included the following provision:

> 3. **PAYMENT**. [MCG] shall bill [Aetna] for Hospital Services rendered to Members according to the terms of this Agreement. . . . [MCG] hereby agrees that in no event, including, but not limited to non-payment by [Aetna,] [Aetna's] insolvency[,] or breach of this Agreement, shall [MCG] bill, charge, collect a deposit from, seek remuneration or reimbursement from, or have any recourse against Member or persons other than [Aetna] acting on their behalf for services listed in this Agreement.

After she was injured, Nicole Constantine incurred a bill of nearly $14,000 at a hospital operated by MCG for treatment including surgery to reconstruct the bone around her eye. As Nicole's insurer, Aetna paid MCG $1,800 (the amount payable under the agreement for her treatment less the Constantines' co-payment) toward Nicole's bill. Aetna's agent then sought and received reimbursement from the Constantines under the terms of their policy. Shortly after Nicole left the hospital, however, MCG's agent filed a lien under OCGA § 44-14-470 (b) for the full amount of her bill.

The Constantines filed a motion to strike the lien, and then succeeded in joining MCG to their action as an indispensable party. After refunding Aetna's payment, MCG turned the account over to a collection agency, which attempted to collect the debt from the Constantines by mail and by phone. The trial court denied the Constantines' motion to strike, holding that the agreement did not preclude MCG from attaching a lien on the Constantines' cause of action against the driver. The court also held that the Constantines lacked standing to contest the lien and that their motion to strike had been mooted by MCG's repayment to Aetna. The Constantines now appeal.

1. The crux of this appeal is whether the agreement between MCG and Aetna bars MCG from filing a hospital lien under OCGA

§ 44-14-470 (b), which provides that any entity operating a hospital "shall have a lien for [the hospital's] reasonable charges . . . upon any and all causes of action accruing to the person to whom the care was furnished." The statute was amended in 2002 to emphasize that "[t]he lien provided for in this subsection is only a lien against such causes of action and shall not be a lien against such injured person, [his] legal representative, or any other property or assets of such persons. . . ." Id.; see also Ga. L. 2002, p. 1429, § 1.

MCG's principal argument is that the agreement applies only to costs Aetna is required to pay, which MCG construes as the amount prescribed under the agreement for the operation Nicole required. This contradicts the plain language of the agreement, however, which provides that "[n]o additional charge will be made by [MCG] to [Aetna] or its Members for Hospital Services covered under this Agreement." In an effort to escape this language, MCG argues that its lien attaches only to Nicole's cause of action, and not to Nicole herself. Though it is true that the hospital lien statute makes this distinction, the agreement between MCG and Aetna does nothing of the kind. Rather, it shows that the parties agreed to circumscribe MCG's power to assert *any* claim against Nicole, providing that "in *no* event," including Aetna's nonpayment, insolvency, or breach, would MCG have "*any* recourse" against an insured for services covered by the agreement. Nothing in the agreement or the record suggests that either party had the statute's distinction between persons and causes of action in mind when they framed this provision, which was written to protect both Aetna and its insureds from any claims for repayment in excess of those agreed to.

In order for MCG's argument to succeed, we would have to arrive at the absurd conclusion that an insured's payment of an amount due under a contract does not extinguish a debt arising under that contract. This Court held to the contrary, however, when a hospital filed a lien to recoup costs lost under an agreement to accept Medicaid reimbursement as full payment for its services. See *Valentine v. Allstate Ins. Co.*, 140 Ga. App. 411, 411-412 (231 SE2d 799) (1976) (physical precedent only). After examining the policies and procedures governing Medicaid, this Court held that the hospital could assert a lien only as to the balance of reasonable charges left unpaid. Id. at 414-415 (1). The Court's rationale was that the hospital could not be "allowed to profit by its lien," which in that case meant "retain[ing] a sum above that paid by Medicaid." Id. at 416 (2).

Here, the parties' obligations are governed not by a set of government policies and regulations, but by the terms of a negotiated contract. MCG does not dispute that the operation undergone by Nicole is covered by the agreement. Thus we will hold MCG to the terms of the bargain it struck. See *Payne v. Harbin*, 254 Ga. App. 402,

404-406 (562 SE2d 772) (2002) (granting summary judgment by enforcing contract as written despite the fact that complaining party had entered a bad business deal); see also *Parnell v. Adventist Health System/West*, 35 Cal.4th 595, 609 (III) (9) (26 Cal. Rptr.3d 569) (2005) (when hospital receives payment from patient and insurer under negotiated agreement as payment in full, hospital cannot assert lien against plaintiff's cause of action); *N.C. v. A.W.*, 305 Ill. App.3d 773, 775-776 (713 NE2d 775) (1999) (enforcing hospital's contract with insurer and denying lien on patient's cause of action where contract provided for $18,000 less than hospital's actual cost); see generally *Dorr v. Sacred Heart Hosp.*, 228 Wis.2d 425 (597 NW2d 462) (1999) (since plaintiff is third-party beneficiary of hospital's contract with HMO, hospital's lien was unauthorized, and hospital is liable for conversion and tortious interference).

2. In light of our holding in Division 1, we need not consider the Constantines' remaining enumerations of error.

The trial court erred in denying the Constantines' motion to strike MCG's lien. We therefore reverse the judgment of the trial court and remand this case with the direction that the trial court grant the Constantines' motion to strike the lien.

*Judgment reversed and case remanded with direction. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 3, 2005 —
RECONSIDERATION DENIED AUGUST 16, 2005 —

*Bell & Bell Associates, David B. Bell, Sharon B. Enoch*, for appellants.

*Hull, Towill, Norman, Barrett & Salley, James S. V. Weston*, for appellee.

*Doffermyre, Shields, Canfield, Knowles & Devine, David S. Hagy*, amicus curiae.